UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELTEN D. GRANT,

                        Plaintiff,

                                  CASE NO. 2:10-CV-14513
                                  JUDGE DAVID M. LAWSON
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

v.

CHASE BANK,

                        Defendant,
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S NOVEMBER 12, 2010 COMPLAINT (Doc. Ent. 1)**

**I.    RECOMMENDATION:** The Court should dismiss this case without prejudice for failure to prosecute.

**II.    REPORT:**

**1.**    Helten Grant's November 12, 2010 initial filing in this case totals 176 pages. Doc. Ent. 1, Doc. Entries 1-1, 1-2 & 1-3. Along with his initial filing, Grant filed an application to proceed in forma pauperis and request for service by the U.S. Marshal. Doc. Ent. 2. The Court denied the application to proceed in forma pauperis on November 19, 2010. Doc. Ent. 3.

On December 10, 2010, Judge Lawson entered an order dismissing this case. Doc. Ent. 4. However, on December 23, 2010, Judge Lawson entered an order (Doc. Ent. 6) granting plaintiff's motion for reconsideration (Doc. Ent. 5) regarding the Court's December 10, 2010 order (Doc. Ent. 4).[1]

---

[1] On December 29, 2010, the Clerk of the Court received the $350 civil filing fee.

**2.**     On May 2, 2011, Judge Lawson referred this case to me for general case management. Doc. Ent. 7.  On August 28, 2012, I entered an order (Doc. Ent. 10) requiring plaintiff to provide defendant's address to render service.

**3.**     On September 6, 2012, JPMorgan Chase Bank filed a motion for more definite statement (Doc. Ent. 11).  Pursuant to my October 17, 2012 order (Doc. Ent. 12), plaintiff's response was due on or before November 5, 2012.

On December 7, 2012, I entered an order (Doc. Ent. 13) granting in part JPMorgan Chase Bank's September 6, 2012 motion for more definite statement (Doc. Ent. 11) and requiring plaintiff to file a more definite statement.  My report noted that (1) defendant sought relief in accordance with Fed. R. Civ. P. 12(e) ("Motion for a More Definite Statement."); (2) plaintiff's initial filing did not comply with Fed. R. Civ. P. 8(a), which governs pleading a claim for relief; (3) to the extent plaintiff's initial filing attempts to allege fraud, it does not comply with Fed. R. Civ. P. 9(b); (4) plaintiff's initial filing does not comply with Fed. R. Civ. P. 10, which governs the form of pleadings;[2] and (5) JPMorgan Chase Bank's September 6, 2012 motion for more definite statement was unopposed.

In addition, after observing that plaintiff should file a more definite statement in the form of an amended complaint, I noted that it appeared plaintiff had abandoned this case. Accordingly, my order provided:

> . . . JPMorgan Chase Bank's September 6, 2012 motion for more definite statement (Doc. Ent. 6) is GRANTED IN PART.  Within thirty (30) days of the

---

[2]This conclusion was based on the observations that (a) plaintiff's initial filing does not comply with Fed. R. Civ. P. 10(a) and (b) plaintiff's initial filing does not comply with Fed. R. Civ. P. 10(b).

>   date of this order, plaintiff SHALL file a more definite statement that complies
>   with Fed. R. Civ. P. 8(a)(2), Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 10.
>
>   Additionally, plaintiff SHALL file his more definite statement in the form
>   of an amended complaint.  Plaintiff is hereby placed on notice that the filing of an
>   amended complaint will supercede his November 12, 2010 notice of fraud and
>   intent to litigate (Doc. Ent. 1).  Plaintiff is also placed on notice that any such
>   filing may be subject to a Fed. R. Civ. P. 12(b)(6) motion to dismiss.
>
>   Furthermore, JPMorgan Chase Bank shall not be required to respond to
>   plaintiff's November 12, 2010 Notice of Fraud and Intent to Litigate (Doc. Ent. 1
>   at 1-3) until twenty-one (21) days after plaintiff files his more definite statement
>   in the form of an amended complaint.
>
>   Finally, in lieu of Chase's final request for relief, which sought dismissal
>   of this action if Plaintiff fails to comply with this Order (Doc. Ent. 11 at 2, 11),
>   plaintiff is cautioned that a failure to comply with this order may result in the
>   entry of a report and recommendation by the undersigned that the case be
>   dismissed without prejudice for failure to prosecute.

Doc. Ent. 13 at 12-13.

**4.** To date, plaintiff has not filed either a more definite statement or an amended complaint. Therefore, consistent with the warning issued in my December 7, 2012 order (Doc. Ent. 13 at 13), it is my conclusion that this case should be dismissed without prejudice for failure to prosecute.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but


fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: April 15, 2013        S/Paul J. Komives
                             Paul J. Komives
                             United States District Judge

   I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2013, by electronic and/or ordinary mail.

                             S/Shawntel R. Jackson
                             Case Manager