UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELTEN D. GRANT,

        Plaintiff,

                                            Case Number 10-14513

v.                                          Honorable David M. Lawson

                                            Magistrate Judge Paul J. Komives

CHASE BANK,

        Defendant.
_____/

## ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

The plaintiff filed his complaint in this Court on November 12, 2010. On December 10, 2010, the Court entered an order dismissing the plaintiff's complaint without prejudice for failure to pay the filing fee. However, the Court granted the plaintiff's motion for reconsideration and reopened the case on December 23, 2010, whereupon the plaintiff paid the required filling fee. The Court then referred the case to Magistrate Judge Paul J. Komives for general case management. *See* 28 U.S.C. § 636(b). The defendant filed a motion for a more definite statement on September 6, 2012 and the magistrate judge ordered the plaintiff to respond on or before November 5, 2012. When the plaintiff failed to respond, the magistrate judge granted the defendant's motion for a more definite statement, requiring the plaintiff to file a more definite statement within thirty days. The magistrate judge warned that the failure to do so could result in the filing of a report recommending that the plaintiff's complaint be dismissed without prejudice.

On April 15, 2013, the magistrate judge filed a report outlining the procedural history discussed above and recommending that the plaintiff's complaint be dismissed without prejudice for failure to prosecute. The defendant filed an objection to the magistrate judge's report and

recommendation on April 29, 2013. In its objection, the defendant argues that the plaintiff's complaint should be dismissed with prejudice. Observing that the plaintiff has not taken an action in this case in over two years, the defendant states that Federal Rule of Civil Procedure 41 grants the Court the authority to dismiss an action for failure to prosecute and provides that such a dismissal is an adjudication on the merits unless the order states otherwise. The defendant argues that the plaintiff's complaint should be dismissed with prejudice in accordance with the prevailing practice in this circuit.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 41(b) states that if a plaintiff "fails to comply with these rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). Such a dismissal will constitute an adjudication on the merits "[u]nless the dismissal order states otherwise." *Ibid*. The decision whether to dismiss an action with or without prejudice under that rule is within the Court's discretion. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). In this case, the Court agrees with the magistrate judge that the better exercise of discretion is to dismiss the plaintiff's complaint without prejudice. In particular, the Court notes that the magistrate judge's order granting the defendant's motion for a more definite statement indicated that if the plaintiff failed to file a more definite statement, the magistrate judge could recommend that the plaintiff's complaint be dismissed without prejudice for failure to prosecute. At no time was the plaintiff

warned that the harsher sanction of a dismissal with prejudice might result from his failure to prosecute. The Sixth Circuit has cautioned against "dismissing cases because litigants failed to appear or to comply with pretrial orders . . . [without putting] the derelict parties on notice that further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (internal quotation omitted). Because the plaintiff was not put on notice that inaction could result in a dismissal without prejudice, the Court will adopt the magistrate judge's report and recommendation and overrule the defendant's objection.

Accordingly, it is **ORDERED** that the defendant's objection [dkt. #15] is **OVERRULED** and the magistrate judge's report and recommendation [dkt. #14] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 8, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 8, 2013.

s/Deborah R. Tofil  
DEBORAH R. TOFIL